UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTEBAN ABREGO-BANOS,<br><br>    Defendant. | No.  1:12-cr-00373 – AWI - 1<br><br>**ORDER REDUCING SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter came before the Court on the stipulated motion of the defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant was convicted of possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and aiding and abetting in violation of 18 U.S.C. 2. Doc. 53 at 1. On those charges, the sentencing court sentenced defendant to a term of 90 months. Doc. 45 at 2. The parties agree and, as described below, the Court finds that Mr. Abrego is entitled to the benefit Amendment 782.

The sentencing court found the base offense level to be 36 as the total drug quantity involved in the offense is 986.4 grams of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(2) (2012). The sentencing court granted a two-level "safety valve reduction, *see* U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2(a)(1)-(5), and a three-level downward departure for super acceptance of responsibility, *see* U.S.S.G. § 3E1.1(b), resulting in a total offense level of 31. The defendant had a criminal history category of I. The guideline range was 108 to 135 months. The sentencing court departed below the low-end of the sentencing range to impose a sentence of 90 months.

1

Under the amended guidelines, a base offense level of 34 applies for the quantity of controlled substances possessed by the defendant. U.S.S.G. § 2D1.1(c)(3) (2015). Applying the same safety valve and acceptance of responsibility reductions to the base offense level that would have been applied at the defendant's original sentencing, the amended total offense level is 29. *See* U.S.S.G. 1B1.10(b)(1). The defendant's resulting amended guideline range is 87 to 108 months. The application of Amendment 782 results in a lower sentencing range. Normally, the Court would be required to sentence within the amended range. *See* U.S.S.G. § 1B1.10(b)(2)(A). However, the defendant falls within the limited exception to that requirement, allowing the Court to impose an amended sentence below the low-end of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B); Doc. 48. Applying a downward variance comparable to the variance that the sentencing court initially applied, the defendant's amended sentence should be 72 months.

This Court has considered the Section 3553(a) factors and, for the same reasons that the sentencing court ordered a sentence below the low-end of the the Guideline Range at the defendant's sentencing on July 3, 2013, the Court finds that the Section 3553(a) factors support a sentence below the low-end sentence of the guideline range.

IT IS HEREBY ORDERED that, as to Count 1, the defendant's term of imprisonment imposed on July 3, 2013, is reduced to a term of 72 months. If this sentence is less than the amount of time the defendant has already served as of the date of this order, the sentence is reduced to a time served sentence.

///

///

///

1  IT IS FURTHER ORDERED that all other terms and provisions of the original judgment
2 remain in effect.  The clerk shall forthwith prepare an AO247 form reflecting the above
3 reduction in sentence, and shall serve certified copies of the AO247 on the United States Bureau
4 of Prisons and the United States Probation Office.
5  Unless otherwise ordered, Mr. Abrego shall report to the United States Probation Office
6 within seventy-two hours after his release.
7  The Clerk of the Court is respectfully directed to terminate this defendant and close the
8 case.

9
10 IT IS SO ORDERED.

11 Dated:  July 1, 2016                                                     _____
                                                                                    SENIOR  DISTRICT  JUDGE